UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR REYNALDO GOMEZ,<br><br>          Petitioner,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>          Respondent. | 1:04-cv-05882-AWI-TAG HC<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. 1)<br><br>ORDER DENYING MOTION TO AMEND PETITION (Doc. 13) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 23, 2004, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).

On February 22, 2005, the Court issued an order requiring Petitioner to amend the instant petition to name a proper respondent. (Doc. 12). In that order, the Court pointed out that a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 *must* name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). This individual would normally be the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

///

On March 1, 2005, Petitioner filed a motion to amend or correct the named respondent to reflect the present warden of the prison in which Petitioner is incarcerated. (Doc. 13). Such a motion does not comply with the Court's order that Petitioner file an amended petition naming the correct respondent. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).

Moreover, Petitioner's failure to comply with the Court's order also requires dismissal of his Petition. A court may dismiss an action, with prejudice, based on a party's failure to obey a court order. <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987). The February 22, 2005, order was specific and unambiguous in requiring Petitioner to file an amended petition, not simply a motion to amend. The Court will permit Petitioner to show good cause why the petition should not be dismissed for failure to follow the Court's order by filing an amended petition within the thirty-day period herein provided.

**<u>ORDER</u>**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is GRANTED THIRTY (30) days from the date of service of this Order, to SHOW CAUSE why the petition should not be dismissed for failing to comply with the Court's Order of February 22, 2005 (Doc. 12), requiring Petitioner to file an amended petition. Petitioner can establish good cause by filing the previously ordered amended petition which names the correct respondent, within the thirty-day (30) period herein provided. An amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Petitioner should also note that every pleading to which

///
///

an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220.

2. Petitioner's motion to amend petition (Doc. 13) is hereby DENIED.

Petitioner is forewarned that his failure to comply with this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 6, 2005**                      /s/ Theresa A. Goldner
j6eb3d                                        UNITED STATES MAGISTRATE JUDGE