UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR REYNALDO GOMEZ, | ) | 1:04-cv–05882-AWI-TAG HC |
| Petitioner, | ) | |
| v. | ) | ORDER REQUIRING PETITIONER TO FILE AN AMENDED PETITION |
| STATE OF CALIFORNIA, | ) | ORDER DIRECTING CLERK TO SEND PETITIONER A BLANK FORM PETITION |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 23, 2004, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).  On March 3, 2005, Petitioner sought leave to amend the caption to include the proper respondent (Doc. 13), and on May 12, 2005, the Court granted Petitioner's motion to amend.  (Doc. 16).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

1  The exhaustion doctrine is based on comity to the state court and gives the state court the initial
2  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
3  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d
4  1158, 1163 (9th Cir. 1988).

5  A petitioner can satisfy the exhaustion requirement by providing the highest state court
6  with a full and fair opportunity to consider each claim before presenting it to the federal court.
7  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);
8  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest
9  state court was given a full and fair opportunity to hear a claim if the petitioner has presented the
10 highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);
11 Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992) (factual basis).

12  Additionally, the petitioner must have specifically told the state court that he was raising
13 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
14 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
15 Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States
16 Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

22 Duncan, 513 U.S. at 365-366.  Later, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact

    that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

    In the instant petition, Petitioner raises two grounds for relief: (1) Petitioner's conviction was the result of an unlawful arrest in violation of the Fourteenth Amendment; and (2) Petitioner's conviction was obtained by the unlawful failure of the prosecution to disclose evidence favorable to Petitioner. (Doc. 1, p. 5).

    In the petition, Petitioner indicates that the following issues were exhausted by presenting them to the California Supreme Court: (1) instructional error as to CALJIC No. 2.71; (2) refusal to instruct on Vehicle Code section 23612; and insufficient evidence to convict as to Penal Code sec. 594. (Doc. 1, p. 3).

    Thus, from the information provided by Petitioner himself, it does not appears that either ground in the instant petition was ever presented to the California Supreme Court. If Petitioner has not presented his claims for federal relief to the California Supreme Court, then the Court must give Petitioner the choice of either dismissing the petition and returning to state court to exhaust remedies or of "amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, ___U.S., 125 S.Ct. 1528, 1535 (2005); Jefferson v. Budge, No. 03-16932, 2005 WL 1949886, at *2-3 (9th Cir. Aug. 16, 2005); see Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

    If Petitioner has in fact presented these two grounds to the California Supreme Court and simply neglected to inform this Court, then in the amended petition which the Court is directing petitioner to file, Petitioner must inform the Court of the circumstances under which these two grounds were presented to the California Supreme Court, along with, if possible, a copy of the state habeas corpus petition or petition for review filed in the California Supreme Court raising these two grounds, as well as a copy of any ruling made by the California Supreme Court regarding these two grounds.

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. That Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). *With respect to any claims raised in an amended petition, petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.* It is petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues petitioner raised.[1] The Court will not consider the original petition. Petitioner is reminded that each claim *must* state a cognizable federal claim;

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   December 12, 2005**              /s/ Theresa A. Goldner
j6eb3d                                           UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).