# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR REYNALDO GOMEZ,  )<br>  )<br>       Petitioner, )<br>  )<br>  v. )<br>  )<br>  )<br>  )<br>STATE OF CALIFORNIA, )<br>  )<br>       Respondent. )<br>_____) | 1:04-cv-05882-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 24)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 23, 2004, Petitioner filed the instant petition. (Doc. 1). On February 14, 2006, Petitioner filed an amended petition. (Doc. 19). On March 9, 2007, the Court ordered Respondent to file a response. (Doc. 20). On June 4, 2007, Respondent filed the instant motion to dismiss on the grounds that none of the claims in the amended petition were exhausted in state court. (Doc. 24). On June 27, 2007, Petitioner filed his objections to the motion to dismiss. (Doc. 27).

**DISCUSSION**

**A.  Procedural Grounds for Motion to Dismiss.**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or for violating the state's

procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss (Doc. 24) is based on Respondent's contention that neither of the claims in the amended petition have been exhausted in state court. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.  Failure To Exhaust Claims.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Correll v. Stewart, 137 F.3d 1404, 1411-1412 (9th Cir. 1998)(citing Kenney v. Tamayo-Reyes, 504 U.S. 1, 11(1992) (factual basis)).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir.2000), <u>as amended by</u>, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, <u>see, e.g.</u>, <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31(9th Cir. 1996); . . . .
> 
> . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, it appears that Respondent correctly asserts that neither of Petitioner's claims in the amended petition have been presented in any fashion to any state court, let alone the highest state court in California.  The amended petition raises two claims: (1) Petitioner's conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest in violation of the Fourteenth Amendment; and (2) Petitioner's conviction was obtained by the unconstitutional failure of the prosecution to disclose exculpatory evidence to Petitioner.  (Doc. 19, p. 5).

By contrast, a review of the petition for review presented in Petitioner's direct appeal in state court reveals that Petitioner did not raise either claim now contained in his amended federal

3

habeas petition. The petition for review raised the following arguments: (1) & (2) the trial court erroneously instructed the jury with CALJIC No. 2.71 on the doctrine of implied malice; (3) prejudicial error by the trial court in refusing to instruct the jury that under California Vehicle Code § 23612, the police officer had a duty to advise Petitioner that he had a choice to either take a blood or breath test; and (4) the conviction under California Penal Code § 594, subdivision (a) was not supported by substantial evidence. (Doc. 25, Lodged Document 2).

From the foregoing, it is patent that the claims raised in the California Supreme Court are distinct and different from those raised herein in the amended petition. Applying even the most lenient construction to the petition for review, the Court cannot conclude that Petitioner "fairly presented" the claims in his amended petition to the state court. Accordingly, Petitioner's claims have not been exhausted.

The Court must dismiss a petition when none of the claims in the petition have been exhausted. In this case, Petitioner has not exhausted any of his claims. Because Petitioner has not exhausted his state remedies, the Court must dismiss the petition. Castille v. Peoples, 489 U.S. 346, 349 (1989)(the habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims); Coleman v. Thompson, 501 U.S. 722, 731 (1991)("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)(once respondent moved for dismissal, district court was "obliged to dismiss immediately," because the petition contained no exhausted claims); see also Rose, 455 U.S. at 521-522.[1]

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("the AEDPA"). The AEDPA amended 28 U.S.C. § 2254, which states the exceptions to exhaustion rules. Exhaustion can only be waived if the respondent expressly waives exhaustion. 28 U.S.C.

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits and will not implicate 28 U.S.C. § 2244(b)'s prohibition on filing a second petition after petitioner exhausts state remedies. See In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1996). However, should Petitioner subsequently file a petition containing exhausted claims, he must also comply with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).

§ 2254 (b)(C).[2]  The Court can excuse exhaustion if " (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B).  Finally, the Court may deny a petition on the merits despite the petitioner's failure to exhaust. 28 U.S.C. § 2254 (b)(2).

California provides avenues for a petitioner to pursue his state claims.  A petitioner can appeal his conviction on both violations of state law and the federal constitution. See Cal. Penal Code § 1237.  In addition, petitioner can file a state petition for writ of habeas corpus.  See Cal. Penal Code § 1473 - 1475.  Federal courts have rarely found a state's corrective process ineffective in protecting a petitioner's rights and only in extreme circumstances, such as an inordinate delay by the state in processing an appeal.  See, e.g., Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994); Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986).  In this case, there has been no showing of either (a) an absence of available State corrective process or (b) circumstances that render such a process ineffective to protect Petitioner's rights.  There is no no basis for the Court to excuse exhaustion in this case.

Finally, looking at the substantive merits of Petitioner's two claims, it is not perfectly clear that Petitioner has failed to raise colorable federal claims.  Thus, the Court declines to apply § 2254 (b)(2) and deny the merits of the petition despite Petitioner's failure to exhaust.[3]

In sum, the amended petition for writ of habeas corpus currently before this Court contains only unexhausted claims.  For the foregoing reasons, the Court recommends that the amended petition be dismissed for failure to exhaust remedies. 28 U.S.C. § 2254(b)(1); Jiminez, 276 F.3d at 481.

///

///

---

[2] At one time a State needed to raise exhaustion as a defense to prevent a federal court from hearing the petitioner's merits.  See Granberry v. Greer, 481 U.S. 129, 133-135 (1987).

[3] Petitioner is forewarned that there is a one year limitations period in which petitioner must file his habeas corpus petition in federal court.  In most cases, the one year period will start to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review.  See 28 U.S.C. § 2244(d)(1).  The limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).

5

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the amended petition for writ of habeas corpus (Doc. 19) be DISMISSED without prejudice.[4]

These Findings and Recommendations are submitted to United States District Judge assigned to this case. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 14, 2007**                    /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE

---

[4] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.